Merle R. JENKINS, et al.

v.

Michael A. STERLACCI, Appellant.

No. 87–7108.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 6, 1988.

Raymond D. Battocchi, Washington, D.C., was on appellant's petition for rehearing.

* Of the United States Court of Appeals for the Sixth Circuit, sitting by designation pursuant to

Before WILLIAMS, GINSBURG and BOGGS *, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of Appellant's Petition for Rehearing and of the response thereto, it is

ORDERED, by the Court, that the Petition is denied for the reasons set forth. in the opinion of the Court filed herein this date.

PER CURIAM.

On June 10, 1988, we affirmed a decision and order of the district court denying the motion of appellant Michael A. Sterlacci "to disqualify a special master who, while preparing a report in this case, represented a client in an unrelated proceeding in which a member of the law firm representing appellant served as opposing counsel." *Jenkins v. Sterlacci,* 849 F.2d 627, 628–29 (D.C.Cir. 1988). The facts surrounding this dispute are set out in that opinion and need not be repeated here.

Presently before us is appellant's petition for rehearing, in which he contends that our decision should be set aside for two reasons: (1) the Supreme Court's recent decision in *Liljeberg v. Health Services Acquisition Corp.,* — U.S. ——, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), rejects our holding that a motion for disqualification on the basis of an appearance of partiality may have prospective effect only, *see Jenkins,* at 634 (relying on *Liberty Lobby, Inc. v. Dow Jones & Co.,* 838 F.2d 1287, 1302 (D.C.Cir.1988)); and (2) our reliance on the District of Columbia Uniform Partnerships Act was erroneous because that legislation does not apply to the law firm representing appellant, which is a professional corporation. For the reasons to follow, we deny the petition for rehearing.

■ We agree with petitioner that the Supreme Court's decision in *Liljeberg* is directly at odds with our alternate holding

28 U.S.C. § 291(a).

in this case that a motion to disqualify "based upon the appearance of impropriety can have only prospective effect." *Jenkins*, at 634 (quoting *Liberty Lobby*, 838 F.2d at 1302). In *Liljeberg*, the Court squarely held that, in appropriate cases, a judgment may be set aside under Federal Rule of Civil Procedure 60(b)(6) when a judge fails to recuse himself in violation of 28 U.S.C. § 455(a) (1982). We see no reason for distinguishing *Liljeberg* on the ground that section 455(a), by its terms, does not apply to special masters. As we concluded in our previous opinion, "the special master must hold himself to the same high standards applicable to the conduct of judges." *Jenkins*, at 632. Thus, in light of *Liljeberg*, we disclaim any reliance upon prior circuit law limiting to prospective application the remedies available on a motion to disqualify. *Liljeberg* does not require us to set aside our previous decision, however. Our reliance on the "prospective only" rule of *Liberty Lobby*, as our opinion makes clear, was an alternate holding, independent of the waiver rationale upon which we principally relied. *See Jenkins*, at 632–34.

 With respect to the waiver issue, we think it important to note that at oral argument, counsel for appellant conceded that if the D.C. Uniform Partnerships Act applies to the law firm of Cole and Groner, P.C., then it would control the outcome of this case. We also note that appellant offered no reason at oral argument as to why the provisions of that Act should not govern the relationships among Cole and Groner attorneys and between the firm and its clients. In these circumstances, we would ordinarily be disinclined to revisit arguments more properly made during the initial consideration of this case. On the other hand, we recognize that the reach of the Uniform Partnerships Act was put in issue by the court itself for the first time at oral argument. We therefore think it appropriate to entertain petitioner's argument.

Petitioner's primary argument is that we erred in charging a member of Cole and Groner with "constructive notice," under the Uniform Partnerships Act, of the spe-

cial master's dual roles (and thereby effecting a waiver of objections based upon the appearance of partiality) because Cole and Groner is a professional corporation, not a partnership. Appellant offers no reason, however, why a law firm organized as a professional corporation should be treated any differently, as far as conflict avoidance procedures are concerned, then a law firm organized as a partnership. In any event, the D.C. Professional Corporations law specifically states that its provisions "shall not be construed to alter or affect the professional relationship between an individual furnishing professional services and an individual receiving such service...." D.C. Code § 29–611 (Michie 1981). Because the obligation to avoid a conflict of interest is undeniably a part of the professional relationship between attorney and client, we find petitioner's argument unavailing. Accordingly, the petition for rehearing is

DENIED.